24376

In the Matter of Josef Kirk MYERS, Respondent.

(467 S.E. (2d) 446)

Supreme Court

*Attorney General Charles Moloney Condon* and *Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for complainant.*

*I.S. Leevy Johnson* and *Valarie J. Rochester Young,* of *Johnson, Toal & Battiste, P.A.,* Columbia, *for respondent.*

Heard Dec. 6, 1995.

Decided Feb. 20, 1996.

*Per Curiam:*

In this attorney grievance matter, the Hearing Panel recommended dismissing the allegations against respondent with future monitoring of his trust account. The Executive Committee agreed with the findings of the Panel, but concluded

that respondent's handling of his trust account violated the Rules of Professional Conduct. Therefore, the Committee unanimously recommended that respondent be publicly reprimanded. We agree and impose a public reprimand.

The complaint against respondent encompassed the following matters.

### Eddie B. Funny Matter

Respondent was retained after Mr. Funny's death to handle his estate. Complainant alleged that respondent (1) failed to file a declaratory judgment to determine the status of the beneficiaries, (2) exercised complete control over the estate and failed to file the necessary forms with the Probate Court, (3) improperly handled the estate's bank account, and (4) failed to deed a house over to the sole beneficiary until nearly six years later.

### Dr. Michael L. Coon Matter

Respondent acted as the attorney for clients who had received chiropractic treatment from Dr. Coon from various injuries. Respondent guaranteed his clients that Dr. Coon would receive his fees from the settlements obtained. Complainant alleged that respondent improperly withheld and misappropriated Dr. Coon's fees. The fees were subsequently paid by respondent.

### Charles Sindab Matter

Respondent represented Mr. Sindab and his wife regarding injuries they incurred in an automobile accident. After a settlement was reached, complainant alleged that respondent received and deposited a check into his trust account on November 19, 1993, but did not deliver the funds to the Sindabs until September 22, 1994—after Mr. Sindab had sent a complaint to the Board of Commissioners on Grievances and Discipline. Moreover, from the time of the settlement until respondent disbursed the funds, the balance of the trust account fell below the amount of the settlement.

No client money was lost in the Funny, Coon, or Sindab Matters. In addition, the evidence presented failed to prove that respondent committed ethical violations warranting sanctions in these Matters. Accordingly, we agree with the conclusions of the Hearing Panel and Executive Committee.

*Trust Account Matter*

From February 1, 1993 until May 31, 1994, respondent maintained a trust account that incurred negative balances and overdraft charges. In addition, checks issued from the account were returned for insufficient funds.

The Hearing Panel determined that the evidence failed to establish that respondent had converted or comingled funds, be instead merely verified that the negative balances and overdrafts were caused by his failure to make timely deposits. Because respondent had hired an independent accounting firm to manage the accounts, the Panel concluded that he was making good faith efforts to rectify his extremely poor office management. Furthermore, no evidence was presented to prove that any individual had been substantially injured by respondent's conduct. Accordingly, the Panel decided that sanctions were not warranted, but recommended that the trust account be supervised in the future.

A special investigator confirmed the fact that respondent's untimely deposits to the trust account resulted in 27 negative balances, 31 returned checks, 45 overdrafts, and a deficit of at least $23,000 and possibly over $46,000. The Executive Committee concluded that respondent failed to sufficiently explain why the account was short, where the money went, or what the proper accounting should have been. Therefore, it determined that respondent's negligent handling of the trust account violated the Rules of Professional Conduct and unanimously recommended that respondent be publicly reprimanded.

We agree with the Committee's conclusions and find that respondent's conduct in handling his trust account violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) by failing to keep the property of clients or third persons in a separate account apart from his own property; Rule 8.4(e) by engaging in conduct prejudicial to the administration of justice; and Rule 8.4(d) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Moreover, respondent has violated Paragraph 5(D) of the Rules on Disciplinary Procedure, Rule 413, SCACR, by engaging in conduct which brings the legal profession into disrepute. Accordingly, the Court finds respondent's conduct merits a public reprimand.

Public reprimand.